The opinion of the Court was delivered by
O’Neall, C. J.
The first ground, which questions the ruling of the presiding Judge on the matter of the ouster, presents no difficulty to this Court. The case of Harvin vs. Hodge, Dud. 23, is relied upon by the defendant. That case held that tenants in common, peaceably in possession, were guilty of no ouster, in the naked fact, that they had conveyed to one a part of the fee. In this case, the question of ouster was submitted to the jury; they have found the fact, and after that it is in vain to ask us to set aside their verdict.
Beyond all doubt, the relinquishment of inheritance was *190 insufficient, if regarded as applying to the real estate of the wife alone; Kotman and wife vs. Ayer, 1 Strob. R. 552; Brown vs. Spann, 2 Con. Rep., by Mills, 12; Bruce vs. Perry, 11 Rich. 121. But if this be regarded as a conveyance of her real estate secured by marriage contract, still I think it must be shown, that the conveyance is according to the power reserved ; or if the power be not followed, or does not apply, that then the conveyance is according to the Act of 1795. Beyond all doubt the conveyance is not according to the power; and the relinquishment has none of the incidents under our Act of the Legislature. It is the attempt to give effect to an awkward effort to follow in North Carolina the requirements of our statute law.
The motion for a new trial is dismissed.
Johnstone, J., concurred.

Motion dismissed.